UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAKEDA THOMAS,

                              Plaintiff,

                              DECISION AND ORDER

                              16-CV-6492L

               v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On October 2, 2013, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since October 1, 2011. (Dkt. #8-2 at 23).[1] Her application was initially denied. Plaintiff requested a hearing, which was held October 7, 2015 before Administrative Law Judge ("ALJ") Connor O'Brien. The ALJ issued an unfavorable decision on February 22, 2016, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on May 17, 2016 (Dkt. #8-2 at 1-4). Plaintiff now appeals.

---

[1] References to pages of the Administrative Transcript (Dkt. #8-1 et seq.) utilize the internal Bates-stamped numbers assigned by the parties.

1

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings, and the Commissioner has cross moved for judgment dismissing the complaint. For the reasons set forth below, the plaintiff's motion (Dkt. #12) is granted, the Commissioner's cross motion (Dkt. #14) is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520.

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (*quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference is not owed to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine

if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

## I.     The ALJ's Decision

Plaintiff's treatment records reflect a history of right shoulder rotator cuff injury, left knee injury, degenerative disc disease, asthma and adjustment disorder. The ALJ determined that the plaintiff was capable of performing light work, with the following limitations: able to lift 20 pounds occasionally and 10 pounds frequently, but no more than 10 pounds with the right arm alone. Plaintiff can sit for 6 hours, and walk for 4 hours, in an 8-hour workday. She requires a sit/stand option allowing her to change position every 60 minutes for up to 10 minutes at a time without leaving her workstation. She cannot climb a rope, ladder or scaffold, or balance on a narrow, slippery or moving surface. She cannot crawl, kneel, or reach overhead, although she can occasionally reach in other directions with the right arm and frequently reach in other directions with the left arm. Plaintiff can occasionally stoop, crouch, and climb stairs. She can tolerate only occasional exposure to extreme heat, extreme cold, wetness, humidity, and airborne irritants. She can adjust to occasional changes in a work setting, and requires up to three short (less than 5-minute) unscheduled breaks in addition to normal scheduled workday breaks. (Dkt. #8-2 at 27).

When presented with this RFC, vocational expert Julie A. Andrews testified that plaintiff could perform the positions of office helper, counter clerk and order clerk. (Dkt. #8-2 at 34).

## II. Treating Physician Opinions

Plaintiff contends, among other things, that the ALJ failed to properly weigh and evaluate medical opinions authored and/or cosigned plaintiff's treating physiatrist, Dr. Matthew D. Grier (Dkt. #8-7 at 468-70, 471-73, 483-85), treating pain specialist, Dr. Eun Ha Lee (Dkt. #8-7 at 328-42, 344-45, 696-700), and a second treating pain specialist, Dr. Hossein Hadian (Dkt. #8-7 at 686-89). To the extent that the ALJ did discuss those opinions, plaintiff contends that her explanations for rejecting them (e.g., as "subjective" or not "clearly tied" to other records – even for those opinions that provided function-by-function analyses supported by objective testing and/or treatment records) were vague and factually inaccurate.

The Court concurs. A treating physician's opinion is entitled to controlling weight if it is well supported by medical findings, and is not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). If an ALJ opts not to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency; and (5) the physician's specialization, along with any other relevant factors. 20 C.F.R. §419.1527(c). Where an ALJ fails to apply these factors and provide good reasons for the weight given to the treating physician's report, remand is required. *See Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *Morris v. Colvin*, 2016 U.S. Dist. LEXIS 184030 at *29 (E.D.N.Y. 2016).

Here, the ALJ failed to examine any of the relevant factors in dismissing the opinions of treating physicians, or to otherwise explain her rationale for giving Dr. Grier's opinions only "some" weight (rejecting Dr. Grier's opinions as to, inter alia, plaintiff's lifting, pushing and pulling limitations), giving Dr. Lee's opinion "little" weight (rejecting Dr. Lee's opinions that

4

plaintiff's pain would generally limit her to working for no more than four hours per day, three days per week), and giving Dr. Hadian's opinion "little" weight (rejecting Dr. Hadian's opinion that plaintiff's symptoms would cause her to be off task for more than 30% of a workday, as well as his exertional RFC findings). Indeed, the ALJ mentioned only three out of Dr. Lee's six opinions, and it is unclear from her decision whether she considered the others. References to physicians' opinions as "subjective" or "vague" or not "tied" to other evidence (without any attempt to explain how that is so) simply do not suffice as "good reasons" for declining to credit the opinions of treating physicians, particularly in the absence of any examination of the 20 C.F.R. §419.1527(c) factors. *See generally Straughter v. Colvin*, 2015 U.S. Dist. LEXIS 141399 at *49 (S.D.N.Y. 2015).

While the Commissioner has labored to speculate concerning the various chains of reasoning that could possibly have underpinned the ALJ's conclusions, it is well settled that *post hoc* rationalizations are not an appropriate substitute for an ALJ's duty to support her conclusions by reference to substantial evidence. *See Martinez v. Colvin*, 2016 U.S. Dist. LEXIS 149196 at *22-*23 (W.D.N.Y. 2016). Nor can the ALJ's error be characterized as harmless: the opinions of her treating physicians (for example, that plaintiff's symptoms would cause her to be off-task for 30% of the time, or that plaintiff is not capable of working for more than four hours per day, three days per week) directly conflict with the ALJ's RFC finding, and if credited, might yield a substantially different result.

Since the Court "may not assess objections as to 'substantial evidence' where an ALJ decision is infected with legal error," *Wider v.* Colvin, 2017 U.S. Dist. LEXIS 46766 at *22 (E.D.N.Y. 2017), remand is required. *See*, *e.g.*, *Stern v. Colvin*, 2017 U.S. Dist. LEXIS 120024 at

*58 (S.D.N.Y. 2017); *Cardillo v. Colvin*, 2017 U.S. Dist. LEXIS 43860 at *38-*37 (N.D.N.Y. 2017).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #12) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied. The matter is remanded for further proceedings, including but not limited to the rendering of a new determination which assesses all of the medical opinions and treatment notes of record, describes the weight afforded to each with specific references to the record, and makes an explicit and reasoned application of the treating physician rule to each of the reports of plaintiff's treating physicians.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 26, 2018.